IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| DINO CONTRERAS MEJIA | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-145 |
| | | (consolidated with 4:14cv146, 4:14cv148, 4:15cv92, |
| DIRECTOR, TDCJ-CID | § | 4:15cv93, 4:15cv94, 4:15cv95, and 4:15cv96) |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Dino Contreras Mejia, a prisoner confined at the Darrington Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, filed these petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Christine A. Nowak, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of the Court. The magistrate judge has submitted a report recommending denying the petition.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. The parties filed objections to the Report and Recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes the objections are without merit.

Procedural History

The petitioner is in custody pursuant to eight judgments entered in the 362nd Judicial District Court of Denton County, Texas. The petitioner was convicted of burglary of habitations in cause

numbers F-2008-1891-D, F-2008-1892-D, F-2008-1893-D, F-2008-1894-D, F-2008-1895-D, F-2008-1896-D, F-2008-2245-D, and F-2008-2246-D. The petitioner was sentenced to seventy-five years for each offense, with the sentences to run concurrently with each other and consecutively to a sentence previously imposed in Dallas County, Texas.

After pursuing relief from the judgments in the state courts, the petitioner filed eight federal habeas petitions pursuant to 28 U.S.C. § 2254. Each petition challenged one or more of the burglary convictions. The petitioner raised six grounds for review with respect to each of his eight convictions. First, the petitioner contends the state courts erred by holding that the evidence of an extraneous offense did not contribute to his convictions and that the order cumulating the petitioner's sentences was not defective. The petitioner alleges there was insufficient evidence to support the verdicts. The petitioner contends the trial court erred by: (1) allowing testimony that violated the petitioner's rights under the Confrontation Clause; (2) denying the petitioner's motion to suppress; and (3) allowing the State to introduce evidence of an extraneous offense. With respect to cause number F-2008-1894-D, the petitioner also contends counsel provided ineffective assistance by failing to: (1) present an identification expert witness; (2) request a jury instruction on in-court identification; and (3) move to suppress identification testimony.

The magistrate judge found that the statute of limitations barred review of the judgments in cause numbers F-2008-1891-D, F-2008-1892-D, F-2008-1893-D, F-2008-1895-D, F-2008-1896-D, F-2008-2245-D, and F-2008-2246-D. The magistrate judge reviewed the merits of each claim with respect to cause number F-2008-1894-D and concluded that the claims lack merit.

Objections

Both parties filed objections to the magistrate judge's report and recommendation. With respect to cause number F-2008-1894-D, the respondent contends that several claims are unexhausted and procedurally barred because they were not presented to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or a state habeas application. The petitioner objects to the magistrate judge's finding that the judgments in cause numbers F-2008-1891-D, F-2008-1892-D, F-2008-1893-D, F-2008-1895-D, F-2008-1896-D, F-2008-2245-D, and F-2008-2246-D are barred by the statute of limitations. The petitioner also contends the magistrate judge erred by recommending the denial of the petitioner's claims of a Confrontation Clause violation, ineffective assistance of counsel, insufficiency of the evidence, an improper cumulation order, and the erroneous denial of a motion to suppress.

*Statute of Limitations*

The petitioner asserts the magistrate judge incorrectly concluded that the judgments in cause numbers F-2008-1891-D, F-2008-1892-D, F-2008-1893-D, F-2008-1895-D, F-2008-1896-D, F-2008-2245-D, and F-2008-2246-D are barred by the one-year statute of limitations that applies to § 2254 habeas petitions.

The statute of limitations begins to run from the latest of: (1) the date on which the judgment became final; (2) the date on which an impediment to filing created by unconstitutional state action was removed; (3) the date on which the United States Supreme Court initially recognized the constitutional right if the right is retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

3

In this case, the petitioner should have discovered the factual predicate of his claims before the convictions became final, there was no state-created impediment to filing, and his petitions do not rely on newly-created constitutional rights. Therefore, the statute of limitations began to run when the convictions became final. In cause numbers F-2008-1891-D, F-2008-1892-D, F-2008-1893-D, F-2008-1895-D, F-2008-1896-D, F-2008-2245-D, and F-2008-2246-D, the petitioner filed petitions for discretionary review. The Texas Court of Criminal Appeals refused or struck each of those petitions on July 25, 2012. Because the petitioner did not file petitions for writ of certiorari, the judgments in cause numbers F-2008-1891-D, F-2008-1892-D, F-2008-1893-D, F-2008-1895-D, F-2008-1896-D, F-2008-2245-D, and F-2008-2246-D became final on October 23, 2012. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (holding that a state conviction becomes final upon denial of certiorari by the United States Supreme Court or expiration of the time period for seeking certiorari). The statute of limitations began to run the next day, and it expired on October 23, 2013. The first three of the petitioner's federal habeas petitions were placed in the prison mail system on February 24, 2014. Giving the petitioner the benefit of the doubt that each of his claims with respect to each of his convictions were raised in those first three petitions, the statute of limitations had expired four months before the first federal petitions were filed.

The statute of limitations is tolled while a state post-conviction review or other collateral attack is pending. 28 U.S.C. § 2244(d)(2). Petitioner's state applications for habeas relief did not toll the statute of limitations because the first group of state applications were filed and dismissed in 2011, before the convictions were final, and the second and third groups of state applications were filed in 2014, after the statute of limitations had expired. As a result, the claims concerning

4

cause numbers F-2008-1891-D, F-2008-1892-D, F-2008-1893-D, F-2008-1895-D, F-2008-1896-D, F-2008-2245-D, and F-2008-2246-D are untimely.

The judgment in cause number F-2008-1894-D is not barred by the statute of limitations because the petitioner filed a second petition for discretionary review (PDR) in that case, which caused the limitations period to start on a later date than in the other cases. The Texas Court of Criminal Appeals refused the second PDR on October 10, 2012. The petitioner did not file a petition for writ of certiorari, and the judgment became final on January 8, 2013. On August 26, 2013, the petitioner filed a state habeas application challenging the conviction in cause number F-2008-1894-D. The statute of limitations was tolled until the Texas Court of Criminal Appeals denied the application without written order on October 30, 2013. The federal habeas petitions challenging F-2008-1894-D, which were filed on February 24, 2014, are timely.

*Procedural Default*

With respect to cause number F-2008-1894-D, the respondent contends that several claims are unexhausted and procedurally barred because they were not raised in a PDR or a state habeas application. Specifically, the respondent contends the following claims are unexhausted: (1) the state courts erred by holding that evidence of an extraneous offense did not contribute to the convictions and that the order cumulating the sentences was not defective; (2) the evidence was insufficient to support the convictions; and (3) the trial court erred by allowing testimony that violated the Confrontation Clause, denying the petitioner's motion to suppress evidence, and allowing the State to introduce evidence of an extraneous offense.

The respondent failed to submit the PDR from cause number F-2008-1894-D with the state court records. Without reviewing the PDR, it is impossible for this Court to determine whether the

5

claims were presented to the Texas Court of Criminal Appeals. As a result of the incomplete records, the magistrate judge assumed the claims were exhausted and addressed them on the merits. In her objections, the respondent erroneously contends the PDR was filed in this action as part 9 of docket entry 27. In fact, cause number F-2008-1894-D is not identified as one of the criminal convictions the petitioner challenged in that PDR, and the first PDR for cause number F-2008-1894-D is not part of the record. Further, the petitioner contends that he filed a second PDR challenging cause number F-2008-1894-D, which the Texas Court of Criminal Appeals refused on October 10, 2012. The second PDR is also missing from the state court records. Because the respondent failed to demonstrate that the claims were unexhausted and procedurally barred, the magistrate judge did not err by considering the merits of the claims related to cause number F-2008-1894-D.

*Confrontation Clause*

On June 10, 2008, the day of the last burglary and the petitioner's arrest, three law enforcement officers spent several hours watching room 3073 of a Budget Suites hotel. Eventually they saw Mickie Young leave the hotel room. Based on a conversation with Ms. Young, the officers believed they had consent to search the room. The police found signs that both a man and a woman were staying in room 3073, and the officers discovered property that had been stolen during the burglaries. At trial, Detective Fred Mends testified that he believed he had consent to search the hotel room after speaking with Ms. Young. The petitioner claims this testimony violated his rights under the Confrontation Clause because it "inferentially or indirectly presented to the jury Mickie Young's out-of-court testimonial statement."

The state court concluded that the testimony did not violate the Confrontation Clause because it did not present any out-of-court statements made by Ms. Young concerning the petitioner's

connection to the hotel room. The magistrate judge found that the state court's rejection of this claim was a reasonable application of clearly established federal law. Additionally, on collateral review, a federal court may grant relief based on constitutional trial error only if the error had a "substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993). In light of the significant evidence supporting the conviction in cause number F-2008-1894-D, as summarized in the appellate court's opinion, the magistrate judge correctly concluded that the alleged error did not have a substantial or injurious influence on the jury's verdict.

*Insufficient Evidence*

The petitioner contends the evidence was insufficient to support his conviction. In reviewing the sufficiency of the evidence, the Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Jackson v. Virginia*, 443 U.S. 307, 320 (1979). This standard requires the Court to look at the state statute to determine the essential elements of the crime. In Texas a person commits burglary if the person enters a habitation without the effective consent of the owner and intends to commit theft, attempts to commit theft, or commits theft. TEX. PENAL CODE ANN. § 30.02(a)(1), (3).

The state appellate court reviewed the extensive record and found that there was sufficient evidence to establish each element of burglary with respect to each of the petitioner's convictions. The appellate court presented a lengthy summary of the evidence, which the magistrate judge quoted extensively. Briefly, the evidence shows that many of the stolen items were located in a hotel room. The hotel room was leased in the petitioner's name and contained men's clothing. The petitioner

7

was frequently seen at the hotel room. The size and pattern of the petitioner's shoe prints matched the shoe prints found at one of the burglarized homes. Eyewitnesses identified the petitioner and his vehicle at several of the crime scenes, including the home that was burglarized in F-2008-1894-D. Also, the manager of a pawn shop testified that the petitioner had sold stolen property to the pawn shop.

A rational jury, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the crime of burglary beyond a reasonable doubt. Thus, the magistrate judge did not err by finding that the state court's determination is not contrary to, or an unreasonable application of, clearly established federal law.

*Ineffective Assistance of Counsel*

The petitioner contends that he was misidentified by an eyewitness, and that his trial attorney provided ineffective assistance of counsel with respect to the testimony of the eyewitness. The petitioner contends his trial attorney should have presented an expert witness in eyewitness identification, requested a jury instruction on in-court identification, and moved to suppress the identification testimony of the eyewitness.

To establish a claim of ineffective assistance of counsel, the petitioner must prove counsel's performance was deficient, and the deficient performance prejudiced the petitioner's defense. *Strickland v. Washington*, 466 U.S. 668 (1984). Because the petitioner must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

During the state habeas proceedings, the trial court found that the petitioner did not show the photographic line-up identification or the in-court identification were unreliable. Therefore, the

trial court found that the testimony of an expert witness would not have aided the defense. The trial court also found that the jury charge was not erroneous. The trial court found that counsel did not perform deficiently with respect to the eyewitness identification, and that counsel's performance did not undermine confidence in the outcome of the trial.

Analysis of an ineffective assistance claim on federal habeas review of a state court conviction is not the same as adjudicating the claim on direct review of a federal conviction. *Harrington v. Richter*, 562 U.S. 86, 101 (2011). The Court does not make an independent determination as to whether counsel's performance fell below the *Strickland* standard. Instead, the Court must determine whether the state court's application of *Strickland* was unreasonable. *Id.* In this case, the magistrate judge correctly concluded that the state court's application of *Strickland* was reasonable. The state court applied the appropriate law, and the finding was based on a reasonable determination of the facts in light of the evidence presented in the state court proceeding. The petitioner's conclusory assertion that the eyewitness incorrectly identified him as being at the scene of the crime is not sufficient to support a claim for federal habeas relief. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). The state court's adjudication was not contrary to, and did not involve an unreasonable application of, clearly established federal law.

*Cumulation Order*

The petitioner contends that the trial court erred by entering a cumulation order that will require the petitioner to serve his eight burglary sentences consecutively to a prior sentence. As the magistrate judge concluded, this claim is not reviewable in a federal habeas proceeding because it is a matter of state law. *Wood v. Quarterman*, 508 F.3d 408, 414 (5th Cir. 2007) (holding that a state court's interpretation of state law is not reviewable by a federal court); *Dickerson v. Guste*, 932 F.2d

1142, 1145 (5th Cir. 1991); Moreno v. Estelle, 717 F.2d 171,179 (5th Cir. 1983) ("It is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law."). Therefore, the petitioner is not entitled to relief with respect to his claim that it was improper to run the sentences consecutively.

*Denial of Motion to Suppress*

The petitioner contends the trial court erred by denying his motion to suppress the evidence seized as a result of his arrest. However, federal courts may not review Fourth Amendment claims on habeas review if the State provided an opportunity for full and fair litigation of the claims, regardless of whether the defendant employed those processes. *Stone v. Powell*, 428 U.S. 465 (1976). Because the petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in state court, the magistrate judge correctly concluded that *Stone* bars the petitioner from relitigating his claim in federal court. The issue was raised before trial, and it was rejected by the trial court after a hearing. The petitioner's disagreement with the state court's ruling is not sufficient to overcome the *Stone* bar.

## Certificate of Appealability

In this case, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362

F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

The petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. The petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

## **ORDER**

Accordingly, the objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

**SIGNED this 29th day of March, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE